MAXWELL, J.,
for the Court:
¶ 1. Convicted of felony child abuse, Lakeisha Robinson claims two errors require reversal. The first alleged error — that the trial judge did not instruct the jury on her defense theory of insanity — is simply incorrect. To the contrary, the record shows the trial judge did in fact give two instructions on insanity as a defense; plus he modified the form-of-the-verdict instruction to include an option for the jury *954 to find her not guilty by reason of insanity. The reason the judge gave the State’s insanity instructions, and not Robinson’s own insanity instruction, was because her counsel withdrew it.
¶ 2. And the second alleged error — that the State’s psychological testimony was inadmissible — is procedurally barred, since she made no objection at trial. Because she waived her appellate challenge to this testimony, she frames the issue as one of ineffective assistance of counsel — that her attorney was constitutionally deficient for not objecting to portions of expert testimony and that the deficiency prejudiced her defense. But decisions whether to object or not are generally deemed trial strategy. So they do not typically support ineffective-assistance claims. This is especially so on direct appeal, where no record has been developed to evaluate counsel’s overall performance.
¶ 3. Because Robinson has not shown reversible error, we affirm.
Background
¶ 4. Medical experts testified that Robinson’s newborn son had suffered permanent brain injury. He had also endured multiple fractures to his extremities, caused by his small arms and legs being yanked and twisted. Because there was strong evidence Robinson had inflicted the injuries, her defense theory focused on her postpartum mental state and her history of depression.
¶ 5. Before trial, the circuit judge conducted a competency hearing in compliance with Rule 9.06 of the Uniform Rules of Circuit and County Court. At this hearing, Dr. Mark Webb, who had conducted the court-ordered mental evaluation, testified that Robinson was competent to stand trial. Deborah Meek, who had been treating Robinson for depression at the time the crime occurred, and James Patrick, Robinson’s long-term boyfriend and father of the abused infant, also testified. After considering the various testimony, the trial judge determined Robinson was competent to stand trial.
¶ 6. At trial, Dr. Webb testified that Robinson knew the difference between right and wrong when she abused her son and that her postpartum depression was not so severe as to make her insane.[1] But Patrick disagreed and testified that, based on his observation of Robinson at the time, he did not believe Robinson knew her actions were wrong.
¶ 7. The jury was instructed on insanity as a defense and had the option of finding Robinson guilty, not guilty, or not guilty by reason of insanity. After deliberating, the jury found Robinson guilty of felony child abuse. The circuit judge sentenced her to thirty-five years’ imprisonment.
Discussion
I. Insanity-Defense Jury Instructions
¶ 8. Robinson’s main assertion on appeal is that the trial court “erred in refusing to permit [Robinson] a jury instruction on insanity as a defense.” But the record shows this claim is factually incorrect.
¶ 9. Contrary to Robinson’s assertion,[2] the trial judge recognized Robinson was *955 entitled to an insanity-defense instruction. And he correctly granted her insanity instructions, despite the only evidence supporting her theory was the equivocal lay evidence from Patrick that she was legally insane when she abused their son. See Giles v. State, 650 So.2d 846, 849 (Miss.1995) (citation omitted) (“Even though based on meager evidence and highly unlikely, a defendant is entitled to have every legal defense he asserts to be submitted as a factual issue for determination by the jury under proper instruction of the court.”).
¶ 10. The record shows Robinson’s own counsel admitted his dissatisfaction with his proposed insanity-defense instruction— which was four-pages of single-spaced type and admittedly unworkable. So after conferring with the trial judge and the State, defense counsel withdrew the instruction. Cf. Vickers v. State, 994 So.2d 200, 224 (¶ 92) (Miss.Ct.App.2008) (finding that, when an objection is withdrawn, the judge is not given an opportunity to err, so there can be no error). He agreed the trial judge should instead give the State’s two proposed insanity-defense instructions. His only request was that the State modify its form-of-the-verdict instruction to include the option that the jury could find Robinson not guilty by reason of insanity, which the State did.
¶ 11. So the error Robinson asserts did not occur.
II. Ineffective Assistance of Counsel
¶ 12. Robinson’s other suggested error concerns Dr. Webb’s testimony. She alleges part of his testimony was inadmissible “because it embrace[d] an ultimate issue to be decided by the jury” — whether Robinson was legally insane at the time she physically abused her son. But Robinson did not object to Dr. Webb’s trial testimony, so this issue is waived. See Rubenstein v. State, 941 So.2d 735, 751 (¶ 27) (Miss.2006) (holding that the failure to make a contemporaneous objection to witness’s testimony bars the defendant from raising the issue for appellate review).
¶ 13. Snagged on this procedural default, Robinson recasts the issue as one of ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (establishing two-prong test — (1) was counsel’s performance deficient and (2) did prejudice result — for proving ineffective assistance contrary to the Sixth Amendment right to counsel). Specifically, Robinson’s appellate attorney insists her trial counsel was constitutionally deficient for failing to object to portions of Dr. Webb’s testimony.
¶ 14. While Robinson’s appellate counsel suggests otherwise, we are mindful of the strong presumption that a lawyer’s trial conduct falls within “the wide range of reasonable professional assistance.” Carr v. State, 873 So.2d 991, 1003 (¶ 27) (Miss.2004). With respect to this general presumption, the Mississippi Supreme Court has held that an attorney’s decision whether to. object falls “ ‘within the ambit of trial strategy’ and will not stand as support for an ineffective assistance of counsel claim.” Id. (citing Cole v. State, 666 So.2d 767, 777 (Miss.1995)). We find this notion particularly true when the claim of inefféetive assistance due to the failure to object is raised on direct appeal — a procedural posture where the record has not been developed with facts by which we can evaluate counsel’s performance. See Aguilar v. State, 847 So.2d 871, 878 (¶ 17) (Miss.Ct.App.2002). Since we *956 must presume there was a strategic reason for Robinson’s trial counsel not objecting to Dr. Webb’s testimony — which may have included his well-i'easoned belief any objection would have been overruled — we find Robinson has failed to assert a valid claim for ineffective assistance of counsel on direct appeal. See Liddell v. State, 7 So.3d 217, 219-20 (¶ 5) (Miss.2009). However, Robinson is free to bring her ineffective-assistance claim in a motion for post-conviction relief, if she so chooses.
¶ 15. For these reasons, we affirm.
¶ 16. THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT OF CONVICTION OF FELONY CHILD ABUSE AND SENTENCE OF THIRTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH A 171-DAY CREDIT FOR TIME SERVED, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS AND FAIR, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.

. "To determine insanity, Mississippi follows the M’Naghten Rule, which essentially asks whether the defendant was unable to distinguish right from wrong at the time of the act.” Hogan v. State, 89 So.3d 36, 39 (¶ 10) (Miss.Ct.App.2011) (internal citation omitted) (citing Woodham v. State, 800 So.2d 1148, 1158 (¶ 29) (Miss.2001)).

. On appeal, the State failed to recognize and point out to this court that the jury was indeed instructed on Robinson’s defense theory, as evidenced by the jury instructions and transcript of the jury-instruction conference. Apparently accepting Robinson's assertion at face value — that the trial judge did not give an insanity-defense instruction — the State argued *955 an insanity instruction was 'not warranted based on the evidence.